UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS CUELLO QUEVADO,<br>   Petitioner,<br>  v.<br>CHRISTIAN PFEIFFER, *Warden*,<br>   Respondent. | Case No. LA CV 16-3355 DSF (JCG)<br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND DENYING CERTIFICATE OF APPEALABILITY** |

  Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus ("Petition"), Respondent's motion to dismiss the Petition ("Motion"), [Dkt. No. 9], the Magistrate Judge's Report and Recommendation ("R&R"), [Dkt. No. 26], Petitioner's objections to the Report and Recommendation ("Objections"), [Dkt. No. 32], and the remaining record, and has made a *de novo* determination.

  Petitioner's Objections generally reiterate the same arguments made in the Petition, and lack merit for the reasons set forth in the R&R.  There is one issue however, that warrants brief discussion here.

//

In his Objections, Petitioner argues that "the month it took for prison staff to return [his] mail and inform[] him that he cannot send out his habeas corpus [materials] to his girlfriend marked [']legal mail['], should be tolled." [Dkt. No. 32 at 9.]

First, to the extent that Petitioner claims to have been uninformed of particular prison regulations, like those regarding outgoing mail, such a claim is insufficient to warrant equitable tolling. *See Rogers v. Horel*, 2011 WL 227650, at *3 (N.D. Cal. Jan. 21, 2011) (finding that a petitioner who "was unaware of any regulations that controlled the [Behavioral Modification Unit]" nevertheless "does not meet his burden of demonstrating that a basis for [equitable] tolling exists").

Second, Petitioner fails to show that he needed to make voluminous copies of his trial transcripts and other documents, and there is no support for his conclusion that "the court could have denied the writ based on [the fact] that the claims were raised without supportive documentation." [*See* Dkt. No. 32 at 5]; (*see also* R&R at 7 (discussing Petitioner's inability to show an extraordinary circumstance warranting equitable tolling)).

Third, Petitioner fails to show that he was pursuing his rights diligently, as he apparently never inquired into the process for sending "legal mail." *Ferguson v. Sisto*, 2010 WL 378050, at *6 (E.D. Cal. Jan. 27, 2010) (rejecting petitioner's equitable tolling argument because "he did not inquire about" the reason for delayed filing).

As such, Petitioner is not entitled to equitable tolling, and his Petition remains untimely.

//

//

Accordingly, IT IS ORDERED THAT:

1. The Report and Recommendation is approved and accepted;
2. Respondent's Motion is granted;
3. Judgment be entered dismissing this action with prejudice; and
4. The Clerk serve copies of this Order on the parties.

Additionally, for the reasons stated in the Report and Recommendation, the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b); *Cullen v. Pinholster*, 563 U.S. 170, 181-82 (2011); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Thus, the Court declines to issue a certificate of appealability.

DATED: 3/3/17

HON. DALE S. FISCHER
UNITED STATES DISTRICT JUDGE

3